# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

December 10, 1920.

## THE PEOPLE v. PINCUS GLICKMAN.

(194 App. Div. 103.)

VIOLATION OF SECTION 225 OF SANITARY CODE OF THE CITY OF NEW YORK—
EVIDENCE—ADMISSIBILITY OF PAROL EVIDENCE TO SHOW THAT LANDLORD
HAD AGREEMENT WITH TENANTS WHEREBY HE WAS NOT OBLIGED TO FURNISH
HEAT.

The parol evidence rule has no application to a defendant in a criminal
case.

It was error for the court on the trial of the defendant for violating
section 225 of the Sanitary Code of the City of New York requiring a
person who shall be bound to heat any building occupied as a home or
residence to heat or furnish heat for every room so that a minimum
temperature of sixty-eight degrees shall be maintained, and providing
that "in the absence of a contract or agreement to the contrary," he
shall be deemed to have agreed to furnish heat, to refuse to permit the
defendant to introduce that he had a verbal agreement with his tenants
whereby he was not obliged to furnish heat, though the tenants held under
written leases.

APPEAL by the defendant, Pincus Glickman, from a judg-
ment of the Court of Special Sessions of the City of New York,
county of Kings, rendered on the 7th day of April, 1920,
convicting him of the crime of violating section 225 of the
Sanitary Code of the City of New York. (See Code of Ordi-
nances of City of New York, chap. 20, § 225.)

*Luke D. Stapleton* (*Adolph Feldblum* with him on the brief),
for the appellant.

*Ralph E. Hemstreet*, Assistant District Attorney (*Harry E.
Lewis*, District Attorney, with him on the brief), for the
respondent.

3

RICH, J.:

The defendant has been convicted of a violation of section 225 of the Sanitary Code, which provides that it shall be the duty of every person who shall have contracted or undertaken, or shall be bound, to heat or to furnish heat for any building occupied as a home or place of residence, to heat or to furnish heat for every room occupied in such building, so that a minimum temperature of sixty-eight degrees Fahrenheit may be maintained. The amendment thereto in December, 1919, provided that " in the absence of a contract or agreement to the contrary," the owner, agent or lessee shall be deemed to have contracted to furnish heat, wherever a building is heated by means of a furnace, boiler or other apparatus in control of the owner, agent or lessee. (See Cosby's Code of Ordinances [Anno. 1920], pp. 599, 617, 618.)

It appears that the corporation of which defendant is the president made an agreement on June 3, 1919, with the tenants of its premises. It apparently was arrived at after negotiations through the mayor's committee on rent profiteering. It contains no provision respecting the heating of the apartments occupied by the tenants but contains a provision that the tenants are to have the apartments at the rents stated until May 1, 1920. The violation for which defendant was convicted was found as a result of an inspection by a health department inspector on March 2, 1920.

The defendant attempted to show that he had an oral agreement with the tenants whereby he was not to be obliged to furnish steam heat. Defendant testified that at the time of the agreement a reduction in rents was granted, but this was ruled out. Every attempt by defendant's counsel to introduce evidence tending to show that in addition to the written agreement with his tenants, defendant had an oral agreement, whereby he was not to be required to furnish heat, was excluded on the objection of the district attorney. Mr. Goldsmith, of the mayor's committee on profiteering, under whose auspices the

written agreement had been made, testified that after the execution of the paper writing there was a conference between defendant and his tenants at which the question of furnishing heat was discussed, but the trial court refused to permit him to state the conversation. One Mandel, a tenant, was called by defendant. He testified he was one of the committeemen who represented the tenants at the conference before the mayor's committee. Defendant attempted to show through him that he had an oral agreement with the tenants whereby he was not required to furnish heat, but the trial court also refused to permit him to testify. Defendant's counsel then stated to the trial court that he had ten of the tenants present for the purpose of testifying to an alleged agreement that no heat was to be furnished by defendant, but the court refused his offer of proof, to which exception was taken.

It is contended by the appellant on this appeal that the exclusion of the evidence offered by defendant of an agreement between the tenants and the landlord that the latter was not to heat the building was fatal error, and that the parol evidence rule is not applicable when parol evidence is offered by a defendant to negative criminality in a criminal case, and, in any event, the parol evidence rule is not applicable to this case, because the controversy does not arise between parties to the written instrument. In support of his contention appellant relies on People v. Barringer (76 Hun, 330) and People v. Walker (85 App. Div. 556; affd., 178 N. Y. 563). It is contended on the part of the district attorney that the cases above referred to do not decide so broad a proposition as is contended by him; that they merely decide that where the accused could by parol evidence disprove a felonious intent, such parol evidence was admissible notwithstanding it seemed to vary the terms of a written instrument. An examination of the case first cited discloses that this is what was actually there decided. But as to the Walker Case, decided after the Barringer Case, it was in terms held that the parol evidence rule has no applica-

tion in a criminal case. (People v. Walker, supra, 560.) The section under which the defendant was convicted provides that only in the absence of a contract or agreement to the contrary is it presumed that he has obligated himself to furnish heat. The terms "contract or agreement" as used in the section are defined to include oral as well as written agreements. I think that the defendant was entitled to show that a verbal agreement between his tenants existed, whereby he was not to furnish heat, and this irrespective of the written agreement respecting other matters not pertaining to the heating of the building.

I think the trial court erred in excluding the testimony offered by defendant tending to show a verbal agreement with his tenants, and that the judgment must be reversed and a new trial ordered, and advise accordingly.

JENKS, P. J., BLACKMAR, KELLY and JAYCOX, JJ., concur.

Judgment of conviction of the Court of Special Sessions reversed and new trial ordered.